ALDER GULCH CON. MINING CO., respondent, *v.* HAYES ET AL., appellants.

PRACTICE — *New trial — Appeal — Review of evidence.* — In the absence of a motion for a new trial the supreme court will not consider whether or not the findings are supported by the evidence.

JUDGMENT — *Presumption in support of.* — All facts which are necessary to support the judgment and which come within the issues raised

by the pleadings, although not expressed, will be presumed to be in accordance with the judgment.

MINING WATER-DITCH — *Appropriation of water — Rights of miners working in same gulch.*— In a mining-gulch, when water appropriated by a ditch for the purpose of being used upon a mining claim has served its purpose upon such claim, it must be discharged therefrom for use by the owners of claims below, for use upon their claims. The mining claimant below is entitled to the water of the stream flowing down the gulch, subject to the prior appropriation of the water by the owners of claims above him for use upon such claims, and subject only to the reasonable diminution and deterioration by its necessary use upon such upper claims.

*Appeal from First District, Madison County.*

THE opinion states the facts.

JAMES E. CALLAWAY, for the appellant.

SAMUEL WORD and HENRY N. BLAKE, for the respondent.

GALBRAITH, J.   We would be warranted in refusing to determine this cause, for the reason that it does not comply with the rule of this court as to the mechanical method of its presentation. It should not, have been filed with the clerk. But on account of its importance we have concluded to consider it.

It is an appeal from a judgment. The evidence has been stricken out of the transcript. But even if it were not, it would not be considered on this appeal from the judgment alone. To enable us to look into the evidence, and to determine whether or not the findings of the court were supported thereby, a motion for a new trial was necessary. *Allport* v. *Kelly,* 2 Mont. 343; *Chumasero* v. *Viall,* 3 Mont. 376.

There are no bills of exception. The only question, therefore, which this record presents for our consideration is whether or not the judgment is inconsistent with the express findings of the court. *Chumasero* v. *Viall, supra; Mathews* v. *Kinsell,* 41 Cal. 512; *Thompson* v. *O'Neil,* id. 683.

It is a principle of law that all facts which are necessary to support the judgment, and which come within the issues raised by the pleadings, although not expressly found, will be presumed to be in accordance with the judgment. *Thompson* v. *O'Neil, supra.*

The findings of the court below were as follows, viz. :

"1. That the plaintiff, at the commencement of this action, was, and is now, a corporation organized and existing under the laws of the territory of Montana, and doing business as such in its corporate name of Alder Gulch Consolidated Mining Company.

"2. That said plaintiff, in April, 1883, was, and ever since has been, and is now, the owner and possessor of the Placer mining ground situated in Alder gulch, county of Madison, territory aforesaid, described in the complaint of plaintiff; that said ground is valuable for the gold and precious metals therein contained. That plaintiff had constructed on said ground in April, 1883, and ever since said time has had a bed-rock flume, a reservoir, and dams, and other structures for the purpose of mining said ground.

"3. That the defendants, for more than seven years prior to the commencement of this action, were, and ever since have been, the owners and possessors of the Placer mining ground in said defendants' answer described; and that the ditch of defendants, which is mentioned in the complaint and answer on file herein, was constructed by the defendants to mine their said ground.

"4. That said ditch of the defendants is intended to divert the water flowing in said Alder gulch at a point where the Cover dam was constructed in A. D. 1883, and to convey the same by about two thousand feet of said mining ground of the plaintiff and said reservoir of the plaintiff, and discharge the same at a point on said ground of the defendants about eight hundred feet west and below said reservoir, and that plaintiff is thereby deprived of the use of said water in said reservoir, and about eight hundred feet above the head-gates of the flume of plaintiff.

"5. That in 1883 Cover bar, on the east side of said Alder gulch, and Fairweather bar, on the west side of said gulch, the latter being about one thousand eight hundred feet below the former, were located at the same time and notice of location by the original discoverers, Cover, Fairweather, Edgar, and Hughes, who are partners; that the discovery claims were four hundred feet long on each claim bar; that said discoverers, as partners, then claimed the privilege of constructing a ditch on each of said bars, commencing at the discovery claims thereon, and thence running up until it intersected said Alder gulch, and using the water of said gulch for mining purposes on said bars.

" 6. That said discoverers immediately thereafter constructed said ditches and worked their claims on said bars by the use of the waters of said Alder gulch or creek, which then flowed in or near the middle of said gulch.

" 7. That said Cover bar has been nearly worked out, and that mining operations thereon have ceased, and no water was, at the commencement of this action, used on said bar, or demanded therefor, but the same flowed by said bar, and was used below by the plaintiff on its said ground.

" 8. That the water for said Cover bar was obtained by means of a dam across said Alder gulch or creek and a ditch running therefrom to said bar on the line thereof as originally located.

" 9. That the Fairweather bar has been worked extensively, but has not been exhausted, and that the defendants, whose said ground includes a part of said bar, intended to mine the same by means of their said ditch.

" 10. That the said discoverers obtained water originally for the said Fairweather bar through the Fairweather ditch, as located by them in 1863; that the head of said Fairweather ditch was about one hundred feet below the point in said Alder gulch or creek where the water was discharged from said Cover bar after being used thereon by said discoverers and their successors; that said water from said Cover bar thence flowed through said Fairweather

ditch to said Fairweather bar; and that the said Fair-weather ditch had not, prior to the commencement of this action, been used for a period of five years, and had been, through mining operations, washed out and destroyed in some places; and that these operations have been carried on by water obtained from the Cover bar and ditch, on Cover bar and above it.

"11. That the defendants own the Cover dam and ditch and water-right, and claim the right to use the water origi-nally located for mining purposes on Cover bar by means of their said new ditch upon their said ground in said answer described.

"12. That the plaintiff, at the commencement of this ac-tion, owned, and has ever since owned, mining ground in said Alder gulch, on which the head and a portion of said Fairweather ditch were originally constructed, and that water used upon said Cover bar would flow into the natural channel of said Alder gulch or creek, and thence into the said reservoir of said plaintiff.

"13. That the said ground has, and ditches hereinbefore mentioned have, always been situated in Fairweather min-ing district, and that the miners thereof adopted and passed, upon September, 1864, and October 2, A. D. 1867, laws, rules and regulations which are in force.

"As conclusions of law from the foregoing facts, the court now hereby finds and decides:

"1. That the diversion of said water by defendants by means of their said new ditch, at the time in said complaint mentioned, was an interference with the rights of the plaintiff to the use and enjoyment thereof in its mining operations upon its said ground.

"2. That the plaintiff is not estopped from asserting its rights and claims, as in said complaint alleged, by any act on its part.

"3. That the plaintiff is entitled to a decree as prayed for in the complaint to make perpetual the injunction herein-before issued against the defendants and each of them, and

also a judgment for its costs and disbursements herein expended, and judgment is hereby ordered to be entered accordingly.    JOHN COBURN, Judge, First Jud. District."

These findings, and the facts which come within the issues raised by the pleadings, establish, in substance, about the following condition of facts.    All the property involved in this suit is situate in Fairweather mining district, for which the miners thereof adopted and passed in September, 1864, and October 2, 1867, laws, rules, and regulations, which are now in force.

In 1863, Cover, Fairweather, Edgar and Hughes, who were partners, at the same time, and by the same location, took up certain mining claims on Cover and Fairweather bars in Alder gulch, and, to mine them, constructed ditches, appropriating the waters of Alder creek, which runs down Alder gulch, named respectively Cover ditch and Fairweather ditch.    Cover ditch had its head at a point on the stream some distance above Cover bar, which was on the east side of the stream; and after the water running therein had been used on this bar, it was discharged into Alder creek.    Fairweather ditch commenced at a point about one hundred feet below, where the water of Cover ditch was discharged into the stream, and about one thousand eight hundred feet below the head of Cover ditch, and carried the water down onto Fairweather bar, which lies upon the west side of the creek.    Both the parties to this action own placer mining ground in the gulch; the title to which is derived from the same source, viz., the above-named locators; but the same is so owned by each of them in separate and distinct tracts.    The respondent owns the upper portion of Fairweather bar, being ground upon which the head and a portion of Fairweather ditch were formerly situate, and have constructed thereon a bed-rock flume, reservoirs, dams, and other structures to mine the ground. The appellants own a portion of Fairweather bar, situate below the respondent's ground, and also own the Cover bar and ditch.    Cover bar is worked out.    Fairweather ditch

has been abandoned for the past five years. When the water was formerly used on Cover bar and discharged into the bed of the creek, it ran down the channel of Alder gulch upon respondent's ground, and into its reservoir and dams for use in its bed-rock flume. But appellants' ditch, which is the subject of complaint, takes out the water of the creek at a point immediately opposite the head of the Cover ditch, and is intended to carry the same down on the west side of the creek, past a large portion of the mining ground of respondent, and a considerable distance below the reservoir, and thus deprive the respondent of the use of the water upon such mining ground. This diversion of the water by the appellants took place after the construction of the respondent's structures upon its ground in 1883.

We think it to be the law that in a mining gulch, when water appropriated by a ditch for the purpose of being used upon a mining claim has served its purpose upon such claim, it must be discharged therefrom for use by the owners of claims below for use upon their claims. The mining claimant below is entitled to the water of the stream flowing down the gulch, subject to the prior appropriation of the water by the owners of claims above him for use upon such claims, and subject only to the reasonable diminution and deterioration by its necessary use upon such upper claims. This is reasonable. The water flowing by each claim naturally belongs thereto. The claim is useless and valueless for mining purposes without the water. This is just what the above findings show that the predecessors in interest of both these parties did. The water, after being taken through the Cover ditch, after being used on Cover bar, was discharged into the natural channel, and then taken through Fairweather ditch upon Fairweather bar, for the purpose of being used upon mining claims thereon. Both these parties derive title from the same common source, and should be held to the same method of use, which had thus been established. The title to these lands, held by both parties, rested in contract. The law enters into and forms a part of every contract. The parties are supposed

to contract in view of the law, which in this case was, as above stated, that the waters of Alder creek, after being used upon claims above, should be discharged to be used upon claims below. In this view it can make no difference whether the parties are co-tenants or not. If co-tenants at all, they would be co-tenants in both ditches. But whether they are such co-tenants or not, the above rule of law is controlling upon their use of the water. Before the diversion of the water, it appears that the respondent had erected the reservoir and bed-rock flume, and other structures, to mine his ground. That the waters, instead of being taken through Fairweather ditch, which had been abandoned for five years, ran down the natural channel of Alder creek upon respondent's ground; and since April, 1883, into its reservoir and dams. The means of conveying the water made no material difference. It was the same water, and used for the same purpose as that which had formerly been conveyed onto the same ground through Fairweather ditch. The owners of Cover ditch could not divert the water which formerly ran through it, in such a manner as to injuriously affect the respondent's rights, which were to have this water run first upon its placer mining ground before being taken onto appellants' ground which was below.

For authorities to maintain these propositions, we refer to *Atchison* v. *Peterson*, 20 Wall. 507–515; *Basey* v. *Gallagher*, id. 677–685; *Columbia Mining Co.* v. *Holter*, 1 Mont. 296; *Nevada Mining Co.* v. *Powell*, 34 Cal. 109; *Hill* v. *Smith*, 27 id. 476; *Nevada, etc. Co.* v. *Kidd*, 37 id. 282; *McDonald* v. *Askew*, 29 id. 206; *McKinney* v. *Smith*, 21 id. 374; *Butte F. M. Co.* v. *Morgan*, 19 id. 616; *Kidd* v. *Laird*, 15 id. 162.

The judgment is not inconsistent with the findings. The court rightfully prohibited the appellants from diverting the waters of Alder gulch so as to carry the same past the respondent's mining ground, thereby depriving it of the use thereof upon such ground.

Judgment affirmed, with costs.

*Judgment affirmed.*