BROWNELL, appellant, *v.* McCORMICK, respondent.

CIVIL PRACTICE — *Transcript must comply with the rules of the supreme court.* — A refusal to consider an appeal will be warranted where the transcript does not comply with the rules of the supreme court.

*When declarations of ownership are inadmissible in evidence.* — A constable levied upon certain horses as the property of D. & R. under certain writs of attachment in actions against them. Plaintiff brought an action of claim and delivery against the constable for said horses, or the value thereof, on the ground that said horses were his property. The defendant pleaded in justification said writs of attachment and executions subsequently issued. He also pleaded specially that there was no delivery to plaintiff of the property claimed by him; that plaintiff's claim was founded on a transfer made to hinder and delay the creditors of D. & R.; that plaintiff was estopped, from having knowingly permitted D. & R. to possess and use the property as their own; and that the creditors of D. & R. extended credit to them upon the belief that D. & R. owned said property, and upon their assertions to that effect, with the consent and knowledge of plaintiff. It appeared from the evidence that D. & R. had leased certain of the horses attached from M., who had sold them to plaintiff. After the sale, plaintiff left said horses with D. & R., under the terms of their lease, and also placed in their charge certain other horses, which were also attached. There was no testimony that D. & R. owned the attached property, and the plaintiff's testimony presented a strong *prima facie* case of his ownership. There was no evidence that the creditors extended credit upon the belief or representations that D. & R. owned the property, or that plaintiff ever had any knowledge that D. & R. claimed to be the owners of it, or had ever authorized them to make any such claim. *Held,* that it was error on the part of the court to admit evidence to the jury that D. & R. had exhibited a certificate of sale and pedigree of one of the horses, or that they had made declarations of ownership of the horses.

*Instructions must be applicable, or must be based upon evidence.* — There was no evidence in the case showing, or tending to show, that any of the property in question was "covered up," or concealed, with intent to hinder, delay, or defraud the creditors of D. & R.: *Held,* it was error to allow the following instruction: "If this property has been covered up, or any part of it has been covered up, to hinder, delay, or defraud the creditors of Dalton & Radbourn, you will find for the defendant as to the property so covered up." There was no evidence that D. & R. had any interest in the property attached: *Held, also,* it was error to allow the following instruction: "If Dalton & Radbourn had an undivided interest in the property in question at the time of the levy, you will find for the defendant."

*What can be attached under a writ of attachment, or sold under a writ of execution.* — An officer can seize on the attachment, or sell on the execution, only such interest in property as the debtor has therein.

*How property belonging to debtor, but in the lawful possession of another, should be attached* — *When officer a trespasser in seizure of undivided interest in*

*property.* — Where property belonging to the debtor, but in the lawful possession of another, is sought to be attached, proceedings must be had by serving upon such other person a copy of the writ and the notice required by section 186, division 1, Revised Statutes of Montana (sec. 188, div. 1, Comp. Stats. Mont.); in other words, by garnishment. Where an officer, under attachment, seizes an undivided interest in property, of a stranger, he is *pro tanto* a trespasser.

*Brief of a lawyer should contain argument, not ridicule.* — Language in a brief attempting to cast reproach or contempt upon a court below should not be tolerated.

### *Appeal from District Court, Meagher County.*

THE facts appear in the opinion.

J. H. SHOBER, J. W. KINSLEY, and SANDERS, CULLEN, & SANDERS, for the appellant.

The answer of the defendant sets up inconsistent defenses. While a defendant is not to be confined to a single defense, and may set up as many defenses as he has got to a cause of action, they must be consistent, the one with the other. *Derby* v. *Gallup*, 5 Minn. 119; *Conway* v. *Wharton*, 13 Minn. 158; *Cook* v. *Finch*, 19 Minn. 407; *Adams* v. *Trigg*, 37 Mo. 141.

The defendant fails to plead facts sufficient to constitute an estoppel. *Biddle Boggs* v. *Merced Mining Co.*, 14 Cal. 367; *Davis* v. *Davis*, 26 Cal. 39.

The defendant was seeking to justify the taking of the property from the possession of the plaintiff, Brownell, under certain executions issued from the justice's court. It was, therefore, necessary for him to show, in addition to the writ, a judgment regular on its face. *Damon* v. *Bryant*, 2 Pick. 411; *High* v. *Wilson*, 2 Johns. 46; *Sheldon* v. *Van Buskirk*, 2 N. Y. 473; *Bogert* v. *Phelps*, 14 Wis. 95; Cooley on Torts, 463; Abbott's Trial Evidence, 630.

That no other or greater interest in property than the judgment debtor actually has can be seized on attachment or sold on execution is so elementary as not to need the citation of authorities in its support.

If Dalton & Radbourn had been the sole owners of the property taken, and the same was lawfully in the possession of plaintiff, the property should have been attached by garnishment, as provided by section 186 of the Code of Civil Procedure, and not by seizure. Waples on Attachment, 159. If in the case supposed by the instruction, Dalton & Radbourn owned an undivided interest in the property with plaintiff, and the defendant, as constable, seized or sold, or attempted to seize or sell, any other or greater interest in the property than Dalton & Radbourn had, it would be a trespass, for which he would be liable to the plaintiff. *Bradley* v. *Arnold*, 16 Vt. 382; *Melville* v. *Brown*, 15 Mass. 82; *Eldridge* v. *Lancy*, 17 Pick. 352; *Walker* v. *Fitts*, 24 Pick. 191; *Tuohy* v. *Wingfield*, 52 Cal. 319; *Robinson* v. *Haass*, 40 Cal. 474.

Defendant's instruction No. 5 has nothing in the testimony to warrant it. Waples on Attachment, 157.

Certain of defendant's instructions relate to the so-called estoppel. No estoppel was pleaded or proven; and to allow these instructions to go to the jury was rank error.

TOOLE & WALLACE, for the respondent.

No brief on file.

GALBRAITH, J.   The transcript in this case is not prepared in accordance with the requirements of the rule. See Rules Sup. Ct., No. 4. We would, therefore, be warranted in refusing to consider it. The errors of law are, however, so apparent that the consideration of doing substantial justice prevails upon us to overlook this defect in this case. But as we have had occasion to call attention to the disregard of this rule upon a former occasion, we may never again be so indulgent. *Alder Gulch Con. Min. Co.* v. *Hayes*, 6 Mont. 31.

This is an appeal from an order overruling a motion to set aside the verdict and judgment. The action was

one of claim and delivery, brought to recover the pos-
session of certain horses, or their value. It appears
from the record that the defendant, as the acting con-
stable of Diamond township, Meagher County, seized
the above property, by virtue of certain writs of attach-
ment, issued out of the justice's court of said township,
in several separate actions against the firm of Dalton &
Radbourn, as the property of Dalton & Radbourn.

The firm of Dalton & Radbourn had leased of one
Cheney Moulton certain ranches and horses in the
county of Meagher, and among the animals so owned
by Moulton, and leased to them, were the two mares
mentioned in plaintiff's complaint. On February 5,
1885, Mr. Moulton sold his Montana ranches and stock
to the plaintiff in this case, and executed a bill of sale
therefor, and thereafter that firm continued to hold the
same under their lease, but as tenants of plaintiff. The
three stallions mentioned in the complaint were pur-
chased by the plaintiff, April 25, 1886, at Bloomington,
Illinois, of one George W. Stubblefield, and were shipped
out to Montana immediately, and placed in possession
of Messrs. Dalton & Radbourn, on plaintiff's ranch,
with authority to sell them for plaintiff if they had an
opportunity to do so. All of the property remained in
the possession of Dalton & Radbourn, as lessees of plain-
tiff, up to about the first day of August, 1886; at which
time the plaintiff, having previously given the notice
mentioned in the lease, terminated the same, and took
possession himself of all his property. On the seventh
day of August following, the defendant, as constable,
seized the horses mentioned in the complaint, under his
writs of attachment against Dalton & Radbourn, and
took them out of the possession of the plaintiff. The
defendant, in justification, pleads his writs of attach-
ment and executions subsequently issued in the cases,
and levied upon the property in question. He also

pleads specially that there was no delivery of the property under any sale made to the plaintiff; that plaintiff's claim to the property was founded on a transfer fraudulently made to hinder, delay, and defraud the creditors of Dalton & Radbourn. The defendant also pleads, by way of estoppel, that plaintiff knowingly permitted Dalton & Radbourn to hold, possess, and use said property as their own, and that the credit obtained by them was extended in good faith, upon the belief, upon the part of their creditors, that it was their property, and that the attaching creditors would not have extended said credit but for the asserted ownership of said property by Dalton & Radbourn, with the knowledge and consent of plaintiff. Plaintiff replied, taking issue on all new matter set up in the answer. The cause was tried to a jury, and a verdict having been found in favor of defendant, judgment was entered in his favor, and against the plaintiff, for costs. Only one of the parties filed a brief in this case, who was the appellant.

Upon an examination of the record, it is evident that this verdict is not supported by the evidence, but rather that it is against the evidence. But no specification of this character is made, and therefore we cannot reverse the judgment upon this ground. But there are errors specified which will enable us to do substantial justice. The court admitted, as evidence to the jury on the part of the respondent, that Dalton & Radbourn had exhibited to certain persons a certificate of sale and pedigree of Premier, one of the horses, and also declarations of ownership of the horses made by them, and that they had exercised the same acts of ownership over them as if they had been their own. Upon the conclusion of the testimony, the appellant moved to strike out this portion thereof, which was refused. This refusal is specified as one of the errors. There was no testimony that Dalton & Radbourne did in fact own the stock at-

tached. Upon the question of ownership, the appellant had presented by his testimony a strong *prima facie* case. There was no evidence that the attaching creditors gave credit for the claims upon which they had brought their suits to the firm of Dalton & Radbourn, nor that Dalton & Radbourn claimed to be the owners of the attached property, nor that appellant had any knowledge of such claim, or authorized them to make such claim. They never held themselves out as the owners of the property, or were authorized by the appellant so to do. The refusal to strike out this testimony was an error which was prejudicial to the appellant, as the testimony may have misled the jury.

Errors are also alleged to the refusal of the court to give certain instructions requested by the appellant, and to the giving of certain instructions asked by the respondent. The consideration of two of these will be sufficient. The court gave the following, requested by the the respondent: "If this property has been covered up, or any part of it has been covered up, to hinder, delay, or defraud the creditors of Dalton & Radbourn, you will find for the defendant as to the property so covered up." There was no evidence showing, or tending to show, that any of the property in question was "covered up," or concealed with intent to hinder, delay, or defraud the creditors of Dalton & Radbourn. This instruction was not, therefore, applicable to or warranted by the evidence, and was manifestly misleading to the jury, and prejudicial to the appellant.

Instruction No. 4 was as follows: "If Dalton & Radbourn had an undivided interest in the property in question at the time of the levy, you will find for the defendant." There was no evidence indicating that Dalton & Radbourn had any interest in the property attached. It was not, therefore, based upon any evidence in the case, and misleading to the jury. It is also not the law. The

officer can only seize on the attachment or sell on the execution such interest in property as the debtor has therein. Also, where property which is sought to be attached, belonging wholly to the debtor, is in the lawful possession of another, proceedings must be had by serving upon such other person a copy of the writ, and the notice required in section 186, division 1, Revised Statutes of 1879; in other words, by garnishment. But where the officer, under attachment, seizes an undivided interest in property, of a stranger, he is *pro tanto* a trespasser.

In presenting this case to this court, there has been conduct which we must severely condemn. The brief of the appellant contains language attempting to cast reproach upon the proceedings of the court below, and seeking to make it the object of contemptuous wit and ridicule. Argument is the principal purpose of the brief, and this kind of wit and ridicule is not argument. The use of slang phrases and ridiculous language, especially when directed to the proceedings of the court, should have no place in a brief. No character of persons can have a deeper interest in preserving the dignity of the bench, or maintaining the courtesies of our honorable profession, than the members of the bar, and they should act accordingly. This is one of the avowed purposes for which bar associations are formed, and one of the objects to which their efforts are directed. The language of the brief in this case is reprehensible, as being in violation of the conduct and courtesy due from the bar to the bench, and will not be tolerated.

For the foregoing reasons the judgment should be reversed.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*

McCONNELL, C. J., McLEARY, J., and BACH, J., concur.