[Nos. 20812 and 20811.   In Bank. — March 9, 1891.]

## Ex parte D. M. VANCE, on Habeas Corpus, and Ex parte A. H. CARPENTER, on Habeas Corpus.

Habeas Corpus — Contempt — Findings — Jurisdiction. — Where the findings of the superior court in reference to a contempt committed by the defendant and his attorney in violating its decree are very full, showing clearly that the decree has been violated by each of them, and setting forth all other facts necessary to the validity of an order punishing them for the contempt, and it appears that the court had jurisdiction of the action on which the decree was rendered, neither of them can be discharged upon writ of *habeas corpus.*

Applications to the Supreme Court for discharge upon writs of *habeas corpus.* The facts are stated in the opinion of the court.

*A. H. Carpenter,* and *C. H. Clement,* for Petitioners.

*A. L. Rhodes,* and *George Lezinsky,* for Respondent.

The COURT. — These two proceedings were heard on Monday, March 9, 1891, on returns of the sheriff of Sacramento County to the writs of *habeas corpus*. The conclusions of this court, remanding the petitioners to the custody of said sheriff, were on the same day announced; but through some inadvertence, the proper orders were not delivered to the clerk, and were therefore not entered by him.

The petitioners are in custody by virtue of an order of the superior court of Sacramento County, — Judge A. P. Catlin presiding, — punishing them for contempt, which consisted in violating a decree rendered in said court — ex-Judge J. W. Armstrong then presiding — in a certain action in that court entitled "James C. Pennie, Administrator, et al., *v.* Sebastain Vischer et al." The petitioner Vance was a party defendant in that action, and the decree enjoined and restrained him, and his agents, attorneys, employees, etc., from entering upon any of the lands described in the complaint therein, and from interfering with the plaintiffs in said action, or either of them, or their tenants, grantees, or agents, in the possession, control, or ownership of such lands. The other petitioner, Carpenter, was Vance's attorney in said action.

The findings of the superior court in the contempt matters are very full, and show that the petitioner Vance violated the decree by interfering with the possession of one Evans, who was a lessee of plaintiffs of part of said lands, by preventing the sheep of said Evans from grazing on said land, and driving them away from said land, and assisting in the building of a fence on said land to prevent the grazing of said sheep thereon, and offering to lease said land in opposition to the lease thereof given by the successors in interest of the plaintiffs in said action; and that the other petitioner, Carpenter, had counseled and advised with, and aided and abetted, said Vance in so interfering with the said tenancy and occu-

pation of said Evans. All other facts necessary to the validity of said order punishing for contempt are fully found. We see nothing in the contention that the court had not jurisdiction in the said action of Pennie v. Vischer; and there is no reason why the petitioners should be discharged.

Let an order be entered in each of said proceedings in *habeas corpus* that the petitioner be remanded to the custody of the sheriff of Sacramento County, and that the proceeding be dismissed.