BOWN, APPELLANT, *v.* SOMERS, RESPONDENT.

(No. 4,313.)

(Submitted January 7, 1919.   Decided January 27, 1919.)

[178 Pac. 287.]

*Injunction—Res Adjudicata—Successive Applications.*

1.  Where a husband failed to appeal from an order denying him an injunction against his wife, to prevent her from enforcing a judgment she had obtained in a suit for separate maintenance, pending determination of his suit for annulment of the marriage, he was bound by it, and could not thereafter apply for the same relief, upon substantially the same state of facts, either in the suit for annulment or one instituted for the sole purpose of securing an injunction.

*Appeal from District Court, Missoula County; Theo. Lentz, Judge.*

INJUNCTION suit by Benjamin Bown against Kathryn Somers, otherwise known as Kathryn Caufield, or as Kathryn Bown. From an order denying the injunction plaintiff appeals. Affirmed.

*Messrs. Madeen & Russell,* for Appellant, submitted a brief; *Mr. Chas. A. Russell* argued the cause orally.

*Messrs. Mulroney & Mulroney,* for Respondent, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

To avoid circumlocution the defendant will be referred to as Mrs. Bown. In August, 1915, plaintiff and defendant, with

the ostensible purpose, at least, of becoming husband and wife, procured to be performed for them a marriage ceremony. In December following, Mrs. Bown commenced an action against Bown for separate maintenance, and secured a judgment by the terms of which Bown was required to pay certain fees and costs and the sum of $62.50 per month for the support and mainte-

**[1]** nance of Mrs. Bown. In February, 1917, Bown commenced an action against Mrs. Bown to have their purported marriage annulled on the ground, as he alleged, that at the time the ceremony was performed Mrs. Bown was the lawful wife of James T. Somers, which fact was unknown to Bown until after the rendition of the judgment in the separate maintenance suit. In that action Bown applied to the court for an injunction restraining Mrs. Bown from further enforcing the judgment in the separate maintenance suit until a final determination could be had in the suit for annulment. The application for injunction was denied, and no appeal was taken from the order. Mrs. Bown appeared in the annulment suit by demurrer, but before the issues were settled Bown commenced this action to secure an injunction having the same purpose as the one sought in the annulment suit. After a hearing, the injunction was denied, and Bown has prosecuted his appeal from the order.

The application for injunction in the annulment suit was based upon the complaint in that action which is made a part of the record in this case, and the application in this instance was made upon the complaint herein. There is no substantial difference in the facts disclosed by the two pleadings. The alleged fraud committed by Mrs. Bown at the time the marriage ceremony was performed, and the fact that the fraud was not discovered until after the rendition of the judgment in the separate maintenance suit constitute the foundation for the application in each instance.

A party may not make successive applications for injunction upon the same state of facts. There must be an end to litigation some time. When the injunction was denied in the annulment suit, Bown had his remedy by appeal (sec. 7098, Rev.

Codes), and, having failed to avail himself of that remedy, he became bound by the order. (*Wetzstein* v. *Boston & Mont. Co.,* 26 Mont. 193, 66 Pac. 943.) He may not again apply for the same relief upon the same facts, either in the same action or in another one instituted for that purpose. (*Maloney* v. *King,* 30 Mont. 414, 76 Pac. 939.)

It is unnecessary to consider other questions presented upon this appeal. The order refusing the injunction is affirmed.

The injunction pending appeal heretofore issued by this court is dissolved.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.