THE HON. FRANK B. REYNOLDS,
THE HON. CHARLES H. COOPER,
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.
THE HON. ALBERT J. GALEN,

---

AMERICAN SURETY CO. OF NEW YORK, RESPONDENT, v.
KARTOWITZ, APPELLANT.

(No. 4,708.)

(Submitted January 4, 1921. Decided January 17, 1921.)

[195 Pac. 99.]

*Attachment—Motion to Dissolve—Courts—Practice—Successive Application on Same Ground—Defective Affidavit—Amendment—Appeal—Who not Entitled to Relief—Waiver.*

Attachment—Motion to Dissolve—Third Party Claimant—Failure to Appeal—Effect.
1. One who, claiming to have purchased a portion of attached property after levy of the writ, made no attempt to appeal from an order refusing to dissolve the attachment, cannot obtain relief on appeal taken by another, except so far as the relief granted the appellant may inure to his benefit.

---

1. For authorities with respect to proceedings on motion to dissolve attachment, see notes in 123 Am. St. Rep. 1053; Ann. Cas. 1916D, 476.

Same—Successive Motions on Same Ground not Permissible.

    2. *Held,* under the rule that a party cannot make successive applications to obtain relief upon the same ground, that where defendant had the opportunity to (and in fact did) present in his motion to dissolve an attachment the ground that the affidavit on attachment was insufficient, he was barred from renewing his motion based upon the same ground.

Courts—Practice—Party must Present All Issues.

    3. Whenever a proceeding is instituted sufficiently broad in its character to include the determination of all existing issues between the parties touching the same subject matter, they must be presented for determination to prevent useless litigation.

Attachment—Leave to Amend Affidavit—Waiver by Appeal.

    4. Where, instead of taking advantage of leave to renew a motion to dissolve an attachment granted in an order refusing to dissolve, movant appealed from the order, he waived the privilege to renew it.

Same—Defective Affidavit—Subject to Amendment.

    5. An affidavit on attachment stating that the debt "is not secured" instead of "has not been secured," as required by statute, though defective, was not void, but subject to amendment under section 6683, Revised Codes.

*Appeal from District Court, Hill County; H. C. Hall, Judge.*

Action by the American Surety Company of New York, a corporation, against Herman F. Kartowitz. From an order denying a motion to dissolve an attachment, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. A. A. Grorud,* for Appellant.

Attachment, considered as a means of creating a lien in favor of an ordinary debtor, as a preliminary levy anticipatory of execution after judgment, as an innovation on common law, and as the means by which extraordinary jurisdiction is acquired and exercised, is a harsh and exceptional remedy, and because it is such, the statutes authorizing it should be strictly construed. (Waples on Attachments, sec. 23.) To establish the necessity for the extraordinary relief he claims, the creditor must follow the statute when making his oath. As the affidavit is necessary to jurisdiction in attachment cases, it must substantially conform to the statute. Failure of an affidavit for attachment to state that the debt sued on

was not secured by any mortgage or lien, or, if so secured, that the security had become valueless, without any act of plaintiff, or of the person to whom such security had been given, is ground for dissolving the attachment. (*Scrivener* v. *Dietz,* 68 Cal. 1, 8 Pac. 609.)

Section 6657, Revised Codes, requiring affidavits for attachment to state the indebtedness has not been secured by any mortgage, *etc.,* or, if originally so secured, such security has become valueless, is not complied with by an allegation that debt is not secured, since it does not negative implication that it was previously secured. (*Continental Oil Co.* v. *Jameson,* 53 Mont. 466, 164 Pac. 727; *Union Bank* v. *Himmelbauer,* 56 Mont. 82, 181 Pac. 332; *Heaton* v. *Panhandle Smelting Co.,* 32 Idaho, 146, 179 Pac. 510.)

The court acquired no jurisdiction to issue the writ, and it was, therefore, as well as all proceedings under it, null and void. "Jurisdiction to perform past acts cannot be conferred by amendment." (1 Wade on Attachment, p. 150; *Crouch* v. *Crouch,* 9 Iowa, 269.)

The question has been settled in this state, as to the amendment of void process, and is no longer open to controversy. (*Sharman* v. *Huot,* 20 Mont. 555, 52 Pac. 558.) While the particular process under discussion in the above case was a summons, the rules of law there announced apply with equal force to the process of attachment.

The omission of essential averments in an affidavit for attachment has been held fatal to the attachment, and cannot be supplied by amendment. (1 Wade on Attachment, sec. 3; *Shield* v. *Dothard,* 59 Ala. 595, 596; *Marx etc.* v. *Abramson,* 53 Tex. 264; *Cross* v. *McMaken,* 17 Mich. 511, 97 Am. Dec. 203; *Durham* v. *Heaton,* 28 Ill. 264, 81 Am. Dec. 275; *Ferris* v. *Carlton, etc.,* 8 Phila. (Pa.) 549; *Sommers* v. *Allen,* 44 W. Va. 120, 28 S. E. 787; *Tanner etc. Engine Co.* v. *Hall, etc.,* 22 Fla. 391; *Palmer* v. *Bosher,* 71 N. C. 291; *Leavitt etc. Co.* v. *Rosenberg Bros. & Co.,* 83 Ohio St. 230, 93 N. E. 904.) "A fatally defective attachment affidavit cannot be amended, but

the plaintiff must begin *de novo.*" (*Northern Neck State Bank* v. *Gilbert Packing Co.*, 114 Va. 658, 77 S. E. 451.)

*Messrs. H. S. Kline* and *C. B. Elwell*, for Respondent.

The affidavit of the plaintiff was admittedly bad, in that it recites "that the payment of the same is not secured by any mortgage, *etc.*" Could this defect be cured by amendment? At an early date, and before there was any statutory provisions to rely on, the right to amend the undertaking and affidavit of attachment was recognized. (*Pierse* v. *Miles*, 5 Mont. 549, 6 Pac. 347; *Langstaff* v. *Miles*, 5 Mont. 554, 6 Pac. 356.)

The last case above cited was approved in the case of *Magee* v. *Fogerty*, 6 Mont. 237, 11 Pac. 668.

This question apparently comes before this court at stated intervals, as it next appears in the case of *Josephi* v. *Mady Clothing Co.*, 13 Mont. 195, 33 Pac. 1. It was contended in this case that the defects in the affidavit were jurisdictional. The court said: "Passing the question of whether the affidavit was originally sufficient, we feel satisfied that the tendency of the decisions of this court is that such an affidavit may be amended." (See, also, *S. C. Herbst Importing Co.* v. *Hogan*, 16 Mont. 384, 41 Pac. 135.)

The appellants have cited a number of cases as supporting their contention that the affidavit for attachment could not be amended in this case. In many states no provisions are made for amending the affidavit of attachment, and their courts have not seen fit to adopt the same liberal policy that our supreme court adopted even before specific statutes were enacted. Therefore, before adopting the holding of the cases cited by defendant, the existence not only of a similar state of facts, but of a statute similar to ours, should be shown. California adopted one policy in the case of *Pajaro Valley Bank* v. *Scurich*, 7 Cal. App. 732, 95 Pac. 911, and then after the amendment of 1909, which provided for amending affi-

davits of attachment, the policy was changed in the case of *Nichols* v. *Davis*, 23 Cal. App. 67, 137 Pac. 41.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted in May, 1915, a writ of attachment secured and property belonging to the defendant seized. Later a motion was made to dissolve the attachment, on the grounds that a sufficient affidavit had not been filed, and that a demurrer to the complaint had been sustained. The motion was overruled with leave to renew it after the amended complaint was filed. On appeal to this court the order was affirmed. (54 Mont. 92, 166 Pac. 685.) In January, 1919, defendant renewed the motion to dissolve upon the ground of insufficiency of the affidavit, but the record fails to disclose that the motion was acted upon. However, on January 27, 1919, by permission of the court, plaintiff filed an amended affidavit. On December 16, 1919, defendant again moved the court to dissolve the attachment upon the ground that the original affidavit was insufficient and incurable by amendment. The motion was denied, and this appeal was prosecuted.

At the same time that the last-mentioned motion was presented, a like motion was made by one A. Johnson, who claimed that he had purchased a portion of the attached property after the levy of the writ. The record does not disclose that Johnson was ever made a party to the action in the lower court, or that any disposition was ever made of his motion. He did not attempt to appeal, but has applied to this court to be made a party appellant and to be heard.

Whatever may be said of Johnson's right, under section [1] 6684, Revised Codes, to interpose his motion in the lower court and have it heard and determined, the fact, so far as disclosed by this record, is that it has not been determined, and that he has not appealed. He cannot therefore obtain any relief from this court, except so far as the relief, if any, granted to Kartowitz, the appellant, may inure to his benefit.

(*MacGinniss* v. *Boston & Mont. etc. Co.*, 29 Mont. 428, 75 Pac. 89.)

The defendant's appeal is altogether without merit. If, at [2–4] the time he interposed his first motion to dissolve the attachment he had failed to incorporate any then existing ground of the motion, he would be held to have waived such ground thus omitted. (*King* v. *Pony Gold Min. Co.*, 24 Mont. 470, 62 Pac. 783.) But, apparently, he then included in his motion the very ground relied upon in the motion now before us; in any event, the ground now relied upon was existent and available to him at the time his first motion was made. It is elementary that a party may not make successive application for relief upon the same ground (*Bown* v. *Somers*, 55 Mont. 434, 178 Pac. 287), and the reason for the rule is manifest. It is the policy of the law to prevent useless litigation, and whenever a proceeding is instituted sufficiently broad in its character to include the determination of all existing issues between the parties touching the same subject matter, such issues must be presented for determination, to the end that neither the court nor the parties may' be vexed with separate proceedings. (*Maloney* v. *King*, 30 Mont. 414, 76 Pac. 939.)

Since appellant had the opportunity to present the insufficiency of the affidavit upon his first motion, he is foreclosed on this appeal. But it is suggested that leave to renew the original motion was granted by the trial court in the order overruling it, and that is true; but defendant did not avail himself of the privilege extended; on the contrary, he appealed from the order, and thereby waived the privilege. (14 Ency. Pl. & Pr. 192.) But aside from any question of practice, this appeal is without merit.

The original affidavit for attachment contained the statement [5] "that the payment of the same [the debt] *is not* secured," *etc.*, instead of the statutory language "has not been secured," *etc.* In the respect indicated, the affidavit was defective (*Continental Oil Co.* v. *Jameson*, 53 Mont. 466,

164 Pac. 727), but such defect did not avoid it altogether. Under our very liberal statutes of amendment, including section 6683, Revised Codes, the affidavit in this instance was subject to amendment, as indicated in the opinion upon the former appeal, and was amended and the defect cured long prior to the time this motion was made.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

(Submitted January 4, 1921.  Decided January 17, 1921.)