No. 12188

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

WYOMING FARM BUREAU MUTUAL INSURANCE
COMPANY, a Corporation,

Plaintiff and Respondent,

-vs-

WALTER E. MONDALE, RALPH MARSHALL BEATTY,
JOHN M. BEATTY, and MYRTIE M. BEATTY,

Defendants and Appellants.

---

Appeal from: District Court of the Tenth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellants:

Walter E. Mondale argued, Lewistown, Montana.

For Respondent:

Robert L. Johnson and William Berger, Lewistown,
Montana.
William Berger argued, Lewistown, Montana.

---

Submitted: January 12, 1972

Decided: JAN 17 1972

Filed: JAN 17 1972

_Thomas J. Kearney_
Clerk

PER CURIAM:

This appeal has been taken by one of the defendants, Walter E. Mondale, on his own behalf. Mondale then filed in this Court a motion to stay execution on the district court judgment for the reason, he contended, if the execution be not stayed his appeal may become moot.

This motion was presented ex parte and we issued an order to show cause, also temporarily staying execution on the judgment. The plaintiff-respondent insurance carrier filed a motion to quash the order to show cause and also to quash the stay of execution. The matters were fully argued by counsel on the return day of the order to show cause.

It appeared from the files and from the argument that judgment was entered in the district court against all defendants. Appealing defendant Mondale applied to the district court for an order staying execution of the judgment and received such an order as to him. Execution was issued upon the judgment and levy made by the sheriff upon the bank accounts of the other defendants. This brings into focus the contention of Mondale that if the judgment is satisfied it might cause his appeal to become moot. The nonappealing defendants have not protested the levy upon their property to satisfy the judgment and have requested counsel for the insurance carrier to conclude the matter. The plaintiff-respondent contends that this Court has no jurisdiction over the nonappealing defendants and therefore Mondale should not be able to apply for or secure a stay of execution as to them.

Mr. Chief Justice Brantly in MacGinniss v. B. & M.C.C. &

- 2 -

S.M. Co., 29 Mont. 428, where a somewhat similar situation existed in that it was contended that the district court had no jurisdiction over a certain corporation because it had never been served with process nor appeared in the action, commented in his opinion that it was not necessary to consider that question because if the district court had no jurisdiction over the corporation by service of process, that corporation was not aggrieved by the order. Further, if the court had jurisdiction, and the corporation was aggrieved by the order, it took no appeal, and can obtain no relief from this Court, except insofar as the relief granted to the appealing defendants may incidentally affect its rights.

This same principle was cited by Mr. Justice Holloway in his opinion in American Surety Co. of N.Y. v. Kartowitz, 59 Mont. 1, 195 P. 99.

Thus it appears that this Court should grant no relief to nonappealing defendants, and an appealing defendant cannot seek relief on their behalf. In this situation the contention of the plaintiff-respondent is correct and its motions to quash the order to show cause and the stay of execution of the judgment insofar as the nonappealing defendants are concerned should be sustained.

It is so ordered, and our order to show cause is hereby quashed, the stay of execution is likewise quashed and appellant Mondale's motion is denied.

DATED this 17th day of January, 1972.