No. 80-486

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

ELMO DREYER, et al.,

Applicants and Respondents,

vs.

THE BOARD OF TRUSTEES OF
MID-RIVERS TELEPHONE COOPERATIVE,
INC., et al.,

Respondents and Appellants.

Appeal from:   District Court of the Seventh Judicial District,
In and for the County of McCone.
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellants:

Church, Harris, Johnson & Williams, Great Falls, Montana

For Respondents:

Moses Law Firm, Billings, Montana

Submitted on briefs:   April 2, 1981

Decided:   **JUN 22 1981**

Filed:   **JUN 22 1981**

<span>Thomas J. Kearney</span>
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from a judgment against defendant for $9,806.25 attorney fees and $30.12 costs in an action wherein plaintiff members of Mid-Rivers Telephone Cooperative, Inc. were granted an injunction pendente lite in a suit to prevent the officers and Board of Trustees of Mid-Rivers Telephone Co-op from conducting a special meeting and election on proposed amendments to the by-laws of the Co-op.

On May 14, 1979, certain members of the Mid-Rivers Telephone Co-op filed an application against the Board of Trustees of the Co-op seeking injunction, mandamus, and other appropriate relief to prevent the Board of Trustees from holding a special meeting and election on May 16, 1979 and to compel them to hold the 1978 annual meeting of the Co-op. The District Court issued a temporary restraining order without notice pre-venting the Board of Trustees from conducting the election and set a show cause hearing on (1) whether a preliminary injunction should issue; (2) whether a writ of mandate should issue to compel the holding of the 1978 annual meeting; (3) whether attorney fees should be awarded applicants from the funds of the Co-op; and (4) why at the trial of the cause the temporary restraining orders, preliminary injunction, and writ of mandate should not be made permanent.

The Board of Trustees moved to quash the temporary restraining order, the hearing was held, and the District Court issued an injunction pendente lite on August 14, 1979, pending a hearing on the merits of the underlying litigation.

No further developments occurred until April 15, 1980, when plaintiffs' attorneys wrote a letter to the judge requesting a hearing on attorney fees. The Board of Trustees moved to quash the request for attorney fees, a hearing was held and on August 25, 1980, the District Court held that plaintiffs were entitled

to attorney fees and costs.  On September 5, 1980, judgment was entered against the Board of Trustees for $9,806.25 attorney fees and $30.12 costs, with interest at 10% from date of judgment.

The District Court filed a memorandum opinion on August 29, 1980, indicating the court was treating the injunction as a writ of prohibition, which the court considered the proper relief.  The District Court held that substance controls over the form of relief and that although attorney fees are not allowed by statute in an injunction action, plaintiffs sought and obtained a court order preventing the Board of Trustees from conducting the special meeting and election, the same relief they would have been entitled to in an action for a writ of prohibition.  The amount of attorney fees awarded was computed by multiplying the reasonable time consumed in furnishing the attorneys' services (130.75 hours) times the reasonable fee per hour ($75.00) for a total of $9,806.25.  There is no issue on the costs of $30.12.

Additionally the District Court found that the trustees had not acted in good faith and had interfered with plaintiffs' voting rights.  The District Court found that the award of attorney fees was proper under either the "substantial benefit" doctrine or the "private attorney general" principle.

The case was never carried to its ultimate conclusion, i.e. to a hearing and award of final judgment on the merits of the litigation including a permanent injunction or a writ of mandate.  According to the defendants this issue has become moot by the passage of time.

The sole issue on appeal is whether the Board of Trustees is liable for attorney fees from the funds of the Co-op.  No issue concerning the reasonableness of the fee awarded was raised in either brief.

The Board of Trustees advances four arguments why they are not liable for attorney fees:  (1) an award of attorney fees is not allowable where the underlying action has not proceeded to

final judgment on the merits, (2) attorney fees are not allowable in an injunction action, (3) an injunction action should not be treated as an application for a writ of prohibition in order to permit an award of attorney fees, and (4) the record is barren of any facts that would support any recognized equitable doctrine of fee shifting.

Respondents advance a number of contentions as to why the award of attorney fees was proper: (1) The Court has inherent equitable power to compel the trustees of the Co-op to follow proper procedures in calling special meetings and holding elections, (2) the gist of the action is not only to stop the improper meeting and election but to compel the trustees to continue the meetings according to law; accordingly the remedy of mandamus is part and parcel of the relief sought and by statute attorney fees are awardable in mandamus, (3) the facts contained in the affidavit of the plaintiffs, coupled with the finding that the trustees had not acted in good faith and had interfered with plaintiffs' voting rights, demonstrate that plaintiffs won the case and were entitled to attorney fees, (4) this was a class action and the benefits secured by plaintiffs enured to the benefit of all members of the co-op entitling plaintiffs to attorney fees under the "substantial benefit" concept of fee shifting, (5) the presumption is that the decision of the District Court is correct absent a showing that its decision is clearly erroneous which was not done here.

Respondents draw an analogy between this case and cases involving actions by union members against the union and its officers to compel the use of proper procedures in union affairs where attorney fees have been awarded. See Gilbert v. Hoisting & Portable Engineers (1964), 237 Ore. 130, 390 P.2d 320; Weber v. Marine Cooks & Stewards Assn. of Pacific Coast (1949), 93 C.A.2d 327, 208 P.2d 1009; Anno: 9 ALR3d 1045, Prevailing Union Member's Right to Recover Attorney's Fees in Action Against Union or

an election. The issuance of the injunction pendente lite is not contested in this appeal.

An award of attorney fees to a party who secures a preliminary injunction is error in the absence of statutory or contract authorization. Masonovich et al. v. School District No. 1 et al. (1978), ___Mont.___, 582 P.2d 1234, 35 St.Rep. 1175. Here there is neither statutory nor contract authority for such award.

Applicants cite State ex rel. Butte Teamsters Union v. Dist. Ct. (1962), 140 Mont. 581, 374 P.2d 336, as authority for the award of attorney fees here. In Butte Teamsters Union reasonable attorney fees were allowed the union for the services of its attorneys in dissolving a temporary restraining order against the union which had been issued by the District Court illegally and in excess of its jurisdiction. That situation is readily distinguishable and brings it within the principles announced in Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114. Such is not the case here.

An award of attorney fees to the applicant for a writ of mandamus is improper where no writ of mandamus was issued. An award of attorney fees in prohibition is improper where no writ of prohibition was awarded.

It is not the province of either the District Court or the Supreme Court on appeal to determine finally matters that may arise upon a trial on the merits. Atkinson v. Roosevelt County (1923), 66 Mont. 411, 214 P. 74. In granting temporary relief by injunction, courts of equity should in no manner anticipate the ultimate determination of questions of the right involved, Porter, supra. The following language from a case decided by this Court on April 30, 1981, expresses the principles involved in this case.

> " . . . the limited function of a preliminary
> injunction is to preserve the status quo and to
> minimize the harm to all parties pending full

trial. If a preliminary injunction will not
accomplish these purposes, then it should not
issue. Findings and conclusions directed to the
resolution of the ultimate issues are properly
reserved for final trial on the merits."
Porter, supra.

At this point in the litigation the parties have not yet
gone to trial on the ultimate merits of the controversy.
Defendants have not had their day in court on these issues. No
trial has been held and no final judgment adjudicating the ulti-
mate rights of the parties has been made. All other con-
siderations aside, plaintiffs have not yet prevailed in the
action so as to entitle them to attorney fees under any theory.

Additionally there are policy considerations supporting
this result. If the members of a cooperative corporation were
able to file an action against the trustees for some real or ima-
gined grievance; secure a preliminary injunction pending final
determination of the merits of their complaint; abandon further
prosecution of their action; and then collect their attorney fees
without a final judgment in their favor on the merits of their
complaint, an injustice would result. The trustees would have
been denied a hearing on the ultimate rights of the parties
and compelled to pay their opponents' attorney fees without
a determination of the merits of the complaint against them.
This violates the most fundamental right of due process--the
right to appear and be heard on the merits of their adversaries'
complaint.

It is no answer to say that the trustees' actions in
calling the special meeting and election were not in good faith;
or that the trustees' actions were improper; or that the plain-
tiffs achieved their objective in preventing the special meeting
and election and thus prevailed in their action. The ultimate
resolution of these issues was not before the District Court for
adjudication at the show cause hearing and it was error to adju-
dicate those issues at that hearing.

The case is not rendered moot by the passage of time. The

- 7 -

Union Officers.

Respondents also cite Foy v. Anderson (1978), 176 Mont. 507, 580 P.2d 114, for the proposition that this Court has sometimes awarded attorney fees in the absence of statute or contract. Respondents further point out that attorney fees have been awarded to the prevailing party who has secured a restraining order, citing State ex rel. Butte Teamsters v. Dist. Ct. (1962), 140 Mont. 581, 374 P.2d 336.

Respondents also contend that a writ of prohibition is clearly applicable to this situation, that its function is preventive rather than remedial, and the court was correct in allowing attorney fees on this basis.

We need not discuss all the contentions of the parties in this opinion in order to arrive at a determination of the issue on appeal. One contention is controlling. The award of attorney fees in this case is premature as no final judgment has been entered on the merits of the underlying controversy in favor of respondents. No permanent injunction was awarded. No writ of mandate was issued. All other considerations aside, respondents are not entitled to a judgment for attorney fees without a final determination of the underlying controversy in their favor.

In this case plaintiffs were awarded a temporary interlocutory injunction following the show cause hearing. Its function and effect was simply to preserve the status quo pending trial of the merits of plaintiffs' complaint. Plaintiffs, as applicants for a preliminary injunction, were required to establish a prima facie case or show that it was at least doubtful whether they would suffer irreparable injury before their rights could be fully litigated. Porter et al. v. K & S Partnership et al. (1981), ____Mont.____, 627 P.2d 836, 38 St.Rep. 648. The District Court ruled in effect that plaintiffs had made such a showing and issued an injunction pendente lite preventing the Board of Trustees from holding a special meeting and conducting

issue of whether the Board of Trustees is liable for the payment of applicants' attorney fees remains for trial on the merits; to equate the "likelihood of success" that justifies a preliminary injunction with "success" in the underlying litigation ignores significant procedural differences between preliminary and permanent injunctions; and in the granting of a preliminary injunction, the parties generally have been denied the benefit of a full opportunity to present their cases and a final decision based on the actual merits of the controversy. University of Texas et al. v. Camenisch (1981), ____U.S.____, ____S.Ct.____, 68 L.Ed.2d 175.

The findings of facts, conclusions of law and judgment of the District Court awarding attorney fees was premature. These findings, conclusions and judgment are vacated and set aside. The cause is remanded to the District Court for further proceedings to determine the ultimate rights of the parties in the underlying controversy following trial thereon. We express no opinion on such rights nor on the other arguments advanced herein in favor or against an award of attorney fees to the prevailing party.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

- 8 -

Mr. Justice John C. Sheehy dissenting:

I did not agree with the holding in Porter v. K & S Partnership (1981), ___ Mont. ___, 627 P.2d 836, 38 St.Rep. 648. Here, the order forbidding the holding of the corporate meeting has become final, and the order of the court, prohibitory in nature, is the only relief that was sought in the cause. Accordingly, I would view the matter as having been determined by the District Court and would allow the award of attorney fees, which otherwise seem fair.

_____
John C. Sheehy
                 Justice