No. 82-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

ELMO DREYER, et al.,

        Applicants and Appellants,

-vs-

THE BOARD OF TRUSTEES OF MID-RIVERS
TELEPHONE COOPERATIVE, INC., et al.,

        Respondents.

Appeal from:  District Court of the Seventh Judicial District,
               In and for the County of McCone,
               The Honorable A. B. Martin, Judge presiding.

Counsel of Record:

    For Appellants:

        Moses Law Firm; Stephen Moses, Billings, Montana

    For Respondents:

        Church, Harris, Johnson & Williams; Kenneth I. Jarvi,
        Great Falls, Montana

Submitted on Briefs:  January 27, 1983

Decided:  May 12, 1983

Filed:   MAY 12 1983

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal of a summary judgment in favor of Board of Trustees of Mid-Rivers Telephone Cooperative, Inc., by the District Court of McCone County. The applicants sought an injunction, an award of attorney's fees and costs of suit. We affirm.

This is the second appeal of this case. The first appeal challenged a judgment awarding attorney fees, interest and costs of suit on a temporary injunction. Appellants had obtained a temporary restraining order and an injunction pendente lite preventing Mid-Rivers Telephone Cooperative officers and Board of Trustees from conducting a special meeting and election on proposed amendments to the Cooperative's by-laws. The District Court later treated the interlocutory injunction as a writ of prohibition and awarded attorney fees and costs to appellants.

We vacated the award as premature and remanded the cause "for further proceedings to determine the ultimate rights of the parties in the underlying controversy following trial thereon." Dreyer v. Board of Trustees, etc. (1981), ____ Mont. ____, 630 P.2d 226, 229, 38 St.Rep. 972, 977. We noted that the Board of Trustees had not had their day in court, no trial had been held finally adjudicating the parties' ultimate rights, and the applicants had not yet prevailed in any action so as to entitle them to attorney fees. We concluded:

> "The case is not rendered moot by the passage of
> time. The issue of whether the Board of Trustees
> is liable for the payment of applicants' attorney
> fees remains for trial on the merits; to equate the
> 'likelihood of success' that justifies a
> preliminary injunction with 'success' in the
> underlying litigation ignores significant
> procedural differences between preliminary and
> permanent injunctions; and in the granting of a

2

> preliminary injunction, the parties generally have
> been denied the benefit of a full opportunity to
> present their cases and a final decision based on
> the actual merits of the controversy."

Dreyer, 630 P.2d at 229, 38 St.Rep. at 976-77.

Eight days after the cause was remanded for further proceedings, respondents moved to disqualify the District Court judge who had conducted the show cause hearing and awarded attorney fees to appellants. The case was reassigned on July 9, 1981.

The Board of Trustees never held the special meeting that was the subject of the District Court's temporary restraining order and injunction pendente lite. At a subsequent annual meeting, at which the enjoined procedures were not used, the Cooperative disposed of the by-law matters which the special meeting had originally been called to consider. Since respondents did not persist in their challenged conduct, appellants did not seek a permanent injunction. The trial court never set the remanded cause for trial.

On September 8, 1981, the District Court issued a memorandum stating that the underlying controversy appeared to be moot. He proposed that the injunction pendente lite be dissolved and the action dismissed if no issues remained to be determined. Counsel were requested to submit pre-trial memoranda setting forth any legal or factual issues that remained for trial. No memoranda were submitted and no further action was taken on the matter that year.

On May 28, 1982, approximately 11 months after the cause was remanded, respondents moved for summary judgment on the ground that there was "no genuine issue as to any material fact" and that they were entitled to judgment as a matter of

3

law. Summary judgment in favor of the respondents was granted on August 17, 1982.

The sole issue on appeal is whether the District Court erred in granting summary judgment and dismissing the remanded action. We affirm the dismissal.

Appellants argue that the District Court's order violates the law of this case as set forth in the earlier decision. In that decision, we determined that the case was not rendered moot by the passage of time and a final decision based on the actual merits of the controversy should be made. Respondents argue that appellants' claim for attorney fees is the only remaining issue; that all the underlying issues are moot; that appellants no longer seek substantive relief; and that the requirements of Rule 56 were satisfied when Dreyer failed to establish a genuine issue of material fact that would make the controversy justiciable.

There is no question as to this Court's "power to remand a case to the District Court with directions that certain further action be taken by it." In re Stoian's Estate (1960), 138 Mont. 384, 390, 357 P.2d 41, 45. Section 3-2-204(1), MCA provides:

"The supreme court may affirm, reverse, or modify any judgment or order appealed from and may direct the proper judgment or order to be entered or direct a new trial or further proceedings to be had."

In remanding Dreyer, we specified the further proceedings to be had.

"On remand of the cause after appeal, it is the duty of the lower court to comply with the mandate of the appellate court and to obey the directions therein . . . the trial court commits error if it fails to follow the directions of the appellate court." 5B C.J.S. Appeal and Error §1966, p. 577 (1958).

Our direction to the District Court was to conduct "further proceedings to determine the ultimate rights of the parties

4

in the underlying controversy following trial thereon." Dreyer, 630 P.2d at 229, 38 St.Rep. at 977. The language in the body of the opinion makes it clear that this was an order to proceed on the merits.

In vacating the award of attorney fees, we expressly held that such an award to a party who secures a preliminary injunction is error, absent statutory or contract authorization. We found neither statutory nor contractual authority for the award to Dreyer. Dreyer, 630 P.2d at 228, 38 St.Rep. at 975. This is the law of the case on the issue of attorney fees for a preliminary injunction.

We expressed no opinion on the propriety of the trustees' actions or the issue of whether they should be held ultimately liable for the payment of applicants' attorney fees. We rendered no opinion on the ultimate rights of the parties, but held that the case was not rendered moot by the passage of time. Dreyer, 630 P.2d at 229, 38 St.Rep. at 976. The parties were returned to the position they occupied before the judgment awarding attorney fees issued. The injunction pendente lite remained in force. The District Court was in a position to conduct a trial and decide whether to make the temporary injunction permanent in nature.

Following the remand, the District Court issued a memorandum giving counsel twenty days to submit pre-trial memoranda if "counsel believed that any legal or factual issues remain[ed]" for trial. District Court Order, September 8, 1981. At the request of Dreyer's counsel, the District Court granted the parties twenty additional days in which "to submit their memorandums concerning their positions as to the further progress of this case." District Court Order, October 2, 1981. Neither party submitted a memorandum to the court. The case lay dormant approximately 8 months.

5

On May 28, 1982, respondents moved for summary judgment on the ground that there was no genuine issue as to any material fact. In support of their motion, respondents filed a memorandum and a statement of material facts. An affidavit by James J. Behan, manager of Mid-Rivers Telephone Cooperative, Inc., was also filed. Mr. Behan attested that the enjoined special meeting had never been held and that the matters which were to be brought before the Cooperative at that meeting had either been decided at subsequent meetings or withdrawn from consideration by the Board of Trustees. Affidavit of James Behan, June 14, 1982, p. 1-2. Respondents asserted that since the underlying issues were moot, it would be unavailing for the court to issue a writ of mandate or prohibition. Mr. Behan's affidavit stating that no controversy continued to exist between the parties supported this assertion. No response was made by the applicants. Accordingly, the District Court adopted respondents' assertion of mootness as an uncontested fact.

Rule 56(e) of the Montana Rules of Civil Procedure provides in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Appellants failed to respond to the court's two requests for submission of a triable issue, to respondents' motion asserting that Mid-Rivers was entitled to judgment as a matter of law on the ground that there was no genuine issue as to any material fact, or to Mr. Behan's affidavit that no controversy remained between the parties. The appellants were required to respond in a timely manner.

6

Nearly 14 months after the case was remanded and absent any assertion to the contrary from appellants, the District Court found that the underlying issue was moot. Summary judgment in favor of respondents was ordered. We find no abuse of discretion by the District Court.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Daniel J. Shea

_____
John Conway Harrison

_____
John C. Sheehy

_____
Justices

7