

# The Attorney General of Texas

May 28, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert C. Lanier
Chairman
State Department of Highways
   and Public Transportation
Dewitt C. Greer Highway Bldg.
11th & Brazos
Austin, Texas 78701

Opinion No. JM-321

Re: Whether interest on constitutionally dedicated funds may be diverted to general revenue by statute or by appropriations act rider

Dear Mr. Lanier:

You ask two questions regarding the appropriation of interest on funds dedicated by the constitution to highway purposes. You do not inquire about other sources of revenue for the state highway fund. You first ask:

> 1. Can interest on dedicated funds be diverted to general revenue by appropriations act rider?

Article 2543d, V.T.C.S., governs the disposition of interest on time deposits of state funds. Section 1 of this statute provides as follows:

> Section 1. Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows: <u>To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund.</u> The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis. (Emphasis added).

This provision requires that interest on constitutionally dedicated funds be allocated to the principal, and not to the general revenue fund. Attorney General Opinion M-468 (1969) considered the application of article 2543d, V.T.C.S., to a number of funds in charge of the state treasurer. Three of the funds derived from former article VII, section 17 of the Texas Constitution, which levied a tax to fund construction at designated institutions of higher education. See Tex. S.J. Res. 4, 50th Leg., 1947 Tex. Gen. Laws 1184; Tex. S.J. Res.

24, 59th Leg., 1965 Tex. Gen. Laws 2197. The opinion concluded that those three funds were constitutional funds within the meaning of article 2543d, V.T.C.S., and interest received on account of time deposits thereon was to be credited to the fund.

It is well established that the legislature may not enact, amend, or repeal a general law by appropriation act rider. Tex. Const. art. III, §35; Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); Linden v. Finley, 49 S.W. 578 (Tex. 1899); Attorney General Opinions JM-167 (1984); MW-104 (1979); M-1141 (1972); V-1254, V-1253 (1951); O-552 (1939). A rider which attempted to appropriate to general revenue interest received on account of time deposits of constitutionally dedicated funds would be invalid as an attempt to amend or repeal article 2543d, V.T.C.S. Interest on constitutionally dedicated funds may not be diverted to general revenue by appropriation act rider in contravention of article 2543d, V.T.C.S.

You next ask:

> 2. Is it permissible to divert interest by statute on highway department constitutionally dedicated funds to general revenue?

Article VIII, section 7-a of the Texas Constitution dedicates revenues received from motor vehicle registration fees and motor fuel taxes to the provision, maintenance, and policing of public roadways. This constitutional provision states in part:

> Sec. 7-a. Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939, and declared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law; provided, however, that one-fourth (1/4) of such net revenue from the motor fuel tax shall be allocated to the Available School Fund. . . . (Emphasis added).

The term "constructing" in article VIII, section 7-a, does not include

> merely the clearing and grading of the roadbed and the pouring of the concrete, but includes 'everything appropriately connected with, and necessarily incidental to, the complete accomplishment' of the general purpose for which the fund exists.

State v. City of Austin, 331 S.W.2d 737, 746 (Tex. 1960) (cost of utility relocation necessitated by improvement of federally-funded highways).

Article VIII, section 7, of the Texas Constitution prohibits the legislature from borrowing, or in any manner diverting from its purpose, any special fund. Constitutional funds can be transferred to the general revenue fund only by constitutional amendment. Carroll v. Williams, 202 S.W. 504 (Tex. 1918) (county funds).

In Lawson v. Baker, 220 S.W. 260 (Tex. Civ. App. - Austin 1920, writ ref'd), the Austin Court of Civil Appeals determined that interest earned on a special fund created or recognized by the constitution became part of that fund. A taxpayer brought the suit to test the constitutionality of the State Depository Law enacted in 1919. Acts 1919, 36th Leg., ch. 145, at 266. The law provided that the interest on all funds deposited would become part of the general revenue. Id. at 269 (former article 2427 R.C.S.). The court stated as follows:

> We think it is clear that the interest earned by deposit of special funds is an increment that accrues to such special fund, and any attempt of the Legislature to make such interest a part of the general revenue is futile, in the face of the constitutional provisions creating or dedicating these funds to special purposes. The broad language of the act would seem to make the interest upon all funds, whether general or special, become part of the general revenue, and this portion of the law, if so construed, would authorize a diversion of the special funds from their constitutional purpose, would specially violate section 7, article 8, and would be unconstitutional and void. (Emphasis added).

Lawson v. Baker, supra, at 272. The court found that the statute could be upheld by a construction allocating to constitutional funds the interest earned thereon or by severing the unconstitutional portion.

According to the opinion in Lawson v. Baker, the legislature lacks power to enact a statute diverting interest on constitutionally

dedicated funds to general revenue. The supreme courts of Missouri and Oregon have each considered the question you ask: whether interest earned on a constitutionally dedicated highway fund must be credited to that fund. State Highway Commission v. Spainhower, 504 S.W.2d 121 (Mo. 1973); State v. Straub, 400 P.2d 229 (Or. 1965) (en banc). Each court relied on Lawson v. Baker to hold that the legislature could not enact a statute diverting to the general fund the interest on the constitutional highway fund.

We conclude that the legislature lacks authority to enact a statute diverting to the general revenue fund interest on the motor vehicle fees and motor fuel taxes dedicated to highway purposes by article VIII, section 7-a of the Texas Constitution.

## S U M M A R Y

Interest on constitutionally dedicated funds may not be diverted to general revenue by appropriation act rider in contravention of article 2543d, V.T.C.S.

The legislature lacks authority to enact a statute diverting to the general revenue fund interest on the motor vehicle fees and motor fuel taxes dedicated to highway purposes by article VIII, section 7-a of the Texas Constitution.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood