No. 91-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

COLSTRIP FACULTY ASSOCIATION, MEA/NEA,

      Plaintiff and Respondent,

  -vs-

TRUSTEES, ROSEBUD COUNTY ELEMENTARY SCHOOL
DISTRICT NO. 19 AND HIGH SCHOOL DISTRICT NO. 19,

      Defendants and Appellants.


APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Rosebud,
               The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

          Charles E. Erdmann, Erdmann Law Office, Helena,
          Montana.

      For Respondent:

          Emilie Loring, Hilley & Loring, Missoula, Montana:
          Charles F. Moses (Amicus), Moses Law Firm,
          Billings, Montana.

FILED

JAN 16 1992

Filed:    *Ed Smith*
        CLERK OF SUPREME COURT
          STATE OF MONTANA

_____
          Clerk

Submitted:  September **18, 1991**

Decided:  January **16,** 1992

Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff, Colstrip Faculty Association (the union), initiated this suit against the defendants, Trustees of the Rosebud County Elementary School District (school district), seeking specific performance of the arbitration provision of the Collective Bargaining Agreement entered into by the union and the school district. The school district appeals from a judgment of the District Court of the Sixteenth Judicial District, Rosebud County, Montana, granting summary judgment in favor of the union and ordering the school district to submit the grievance to arbitration. We affirm.

The issues presented for review are:

1. Can a school district be compelled to arbitrate a grievance with a union concerning the dismissal of a teacher when the teacher is concurrently pursuing his statutory remedy?

2. Does collateral estoppel prevent the school district from continuing this litigation?

This action arises from the school district's termination of a tenured teacher, Elmer Baldridge. Baldridge was a member of the teachers' union, Colstrip Faculty Association, MEA/NEA, during his employment as a teacher in the Rosebud County school system. After his dismissal, Baldridge filed an appeal with Rosebud County Superintendent of Schools pursuant to § 20-3-210, MCA. The County Superintendent determined the school district lacked good cause to terminate Baldridge and ordered the school district to reinstate him. The school district appealed the County Superintendent's

2

decision to the State Superintendent of Public Instruction who vacated the order and remanded the case back to the County Superintendent. This action was stayed, but has been scheduled to be heard by the County superintendent. At this point, it may be pending before the State Superintendent on appeal.

Concurrently, the union filed a grievance against the school district alleging a violation of the Collective Bargaining Agreement (Agreement). The union followed the grievance procedural steps set forth in the Agreement. The final step allows the grievant to submit the grievance to arbitration. Unsatisfied with the results at the prior steps, the union requested arbitration; the school district refuses to submit to arbitration.

Subsequently, the school district filed a complaint for declaratory relief in the Sixteenth Judicial District, Rosebud County, naming the union, Baldridge, and the County Superintendent as defendants. The school district petitioned the court for an injunction to compel the union and Baldridge to elect one forum in which to pursue their legal claims. The court issued a temporary restraining order and calendared a show cause hearing in which the defendants were ordered to appear and show cause why the court should not grant the injunction. Baldridge moved to dismiss the complaint arguing that the two avenues pursued by Baldridge and the union were separate and distinct causes of action.

The District Court held the show cause hearing in which all parties were represented by counsel. The union filed a memorandum contending that both avenues should proceed. The union urged the

court to deny the requested relief because the school district could have bargained for an election of remedies provision in the Agreement but failed to do so, and is now bound by the terms of the Agreement which does not prohibit different defendants from pursuing their claims in different forums.

On July 19, 1988, Judge A. B. Martin denied the request for an injunction stating:

> After considering arguments and memorandum of counsel, the Court denies Plaintiff's Motion for injunctive relief on the ground that Plaintiff's [sic] will not suffer irreparable harm by the simultaneous prosecution of appeal by Defendant Baldridge and Plaintiff's prosecution of its claim for declaratory judgment under the collective bargaining agreement. While concurrent proceedings may result in duplication and conflict such potential factors are outweighed by the importance of timely disposition in the several forums involved. Any conflicts that may develop can be dealt with by the Court at a later stage.

Although the school district did not appeal Judge Martin's ruling, it still refused to submit to arbitration and it discontinued prosecution of its complaint for declaratory relief. Consequently, the union filed a complaint and an amended complaint seeking specific performance of the arbitration provision in the Agreement. The school district filed its answer admitting most, if not all, material facts alleged in the union's amended complaint.

The District Court granted the union's motion for summary judgment ordering the school district to submit the grievance to arbitration. Additionally, the District Court denied the school district's cross motion for summary judgment. The school district appeals from these judgments. We affirm.

Our answer to the second issue is dispositive of this case

4

thereby rendering it unnecessary, at this time, to discuss the substantive issue set forth by the school district. The dispositive point in this case occurred thirty days after Judge Martin denied the school district's motion for injunctive relief when the school district failed to appeal the order.

It is well settled that an appeal lies from an order denying an injunction. Bown v. Somers (1919), 55 Mont. 434, 178 P. 287; Rule 1(b), M.R.App.P. Since the school district failed to appeal the order within thirty days of the District Court's denial of the injunction pursuant to Rule 5, M.R.App.P., it is bound by Judge Martin's July 19, 1988, decision and must participate in arbitration with the union while Baldridge pursues his statutory remedies. Accordingly, the school district is collaterally estopped from raising the issue of whether Baldridge and the union should be allowed to pursue their separate claims in separate forums.

The doctrine of collateral estoppel has three elements:

1.    The issue has been decided in a prior adjudication and is identical to the one presented.

2.    A final judgment on the merits was issued.

3.    The party against whom the plea is asserted was a party or privity to the party in the prior adjudication.

Smith v. Schweigert (1990), 241 Mont. 54, 58, 785 P.2d 195, 197; quoting In re Marriage of Stout (1985), 216 Mont. 342, 701 P.2d 729. The union asserts that each element has been established by the facts which are before this Court. We agree.

Regarding the first element, we note that the controversy in

the case at bar is identical to the controversy raised by the school district in its complaint for declaratory relief and its subsequent motion for a preliminary injunction against the union, Baldridge, and the County Superintendent. In the school district's complaint for declaratory relief, the school district petitioned the court to determine whether the school district could be forced to proceed in two separate forums; one, in final and binding arbitration to determine the union's claims pursuant to the collective bargaining agreement and two, the statutory appeals process brought by Baldridge to determine his individual claims.

In the declaratory judgment action, the school district contended that the two avenues could not be pursued concurrently because of the possibility of conflicting decisions by the County Superintendent and the arbitrator. The union contended that the school district could have avoided this situation by bargaining for an election of remedies provision in the collective bargaining agreement. The court refused to grant the school district's injunction, stating that both avenues could be pursued concurrently. In denying injunctive relief, the court formally adjudicated the issue in controversy.

The union brought the present action in an attempt to enforce the prior court order because the school district has continued to refuse to submit to arbitration. In the case at bar, the school district argues that it should not be forced to proceed in two forums because of the possibility of conflicting results. Again, the union contends that the school district could have avoided this

6

situation by bargaining for an election of remedies provision in the collective bargaining agreement. Since the same issues were argued in the school district's action for declaratory relief, they were previously adjudicated and the first element of the doctrine of collateral estoppel has been satisfied.

The second element requires the court to issue a final judgment on the merits. Arguably, the court did not issue a final judgment on the merits when it denied the school district's injunction, thus precluding the application of collateral estoppel. However, when the school district failed to appeal the decision, failed to prosecute its complaint for declaratory relief, and waited until after the appeal in the present case was filed to dismiss the complaint for declaratory relief, the District Court's order denying injunctive relief and directing the parties to proceed in the two separate forums became final. State ex rel. Rankin v. Wibaux County Bank (1929), 85 Mont. 532, 281 P. 341. All parties were represented by counsel during the proceedings for injunctive relief. Both the school district and the union had the opportunity, and in fact made the identical arguments in the injunction proceeding which were presented to the District court in the case at bar. After hearing arguments from both parties, the court made a decision based on the merits of the case. Thus the second element of collateral estoppel has been satisfied.

The final element of collateral estoppel requires that the party against whom the plea is asserted was a party or in privity to the party in the prior adjudication. Smith, 241 Mont. at 59,

785 P.2d at 198. In the prior adjudication, the school district brought the action against the union and two other defendants: in the case at bar, the union brought the action against the school district. Although their roles have changed, two of the parties are identical. Therefore, the third element of collateral estoppel has been satisfied in this case.

An end to litigation must exist. Bown, 55 Mont. at 435, 178 P. at 287. Application of the doctrine of collateral estoppel is one way to end the litigation. When Judge Martin denied the school district's injunction in the declaratory judgment action, the school district's remedy was to appeal the order. Bown, 55 Mont. at 435-36, 178 P. at 287. When the school district failed to avail itself of that remedy, discontinued prosecution of its complaint, and failed to comply with the court's order by refusing to submit to arbitration, the school district became bound by the court's order which stated that two forums could be utilized concurrently.

Parties are not allowed to litigate the same matters over and over again. Smith, 241 Mont. at 59, 785 P.2d at 198. The school district had its day in court when it filed its complaint for declaratory relief, petitioned the court to enjoin the defendants from pursuing their claims, and presented arguments to support that petition. The school district did not prevail in their attempts at that stage and cannot now seek the same relief on the same set of facts in this action that was denied in the previous action. The elements of collateral estoppel have been satisfied and the school district is estopped from relitigating the issues previously

8

determined by Judge Martin.

We affirm the decision of the District Court.  The parties are directed to comply with the District Court's  order dated December 12, 1990, and submit the grievance to arbitration.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice Fred J. Weber specially concurs as follows:

While I agree that the order of the District Court requiring the School District to submit to arbitration should be affirmed, I disagree with the legal basis used by the majority for that affirmance.

The majority concluded collateral estoppel barred the School District from raising the issue of whether Baldridge and the Colstrip Faculty Association may simultaneously pursue arbitration and administrative remedies. As pointed out in the majority opinion, the second element required in collateral estoppel is that "a final judgment on the merits was issued." The majority concludes the District Court entered a final judgment on the merits in a separate proceeding brought by the School District in which it denied a preliminary injunction against the union's arbitration proceeding.

First, it is essential to note that the District Judge based his order denying the injunction on the grounds that Rosebud Schools showed no irreparable harm by the simultaneous prosecution of separate remedies in the different forums. Further the order states: "Any conflicts that may develop can be dealt with by the Court at a later stage." Clearly the trial court did not enter a final decision on the merits.

Next, it is important to consider the nature of an order denying a preliminary injunction. In Dreyer v. Board of Trustees of Mid-River Electric Cooperative (1981), ___ Mont. ___, 630 P.2d 226, 229, this Court held temporary injunctions function only to

preserve the statu quo pending a determination on the merits. Further, we concluded it is inappropriate for the district court or this Court on appeal, to make findings and conclusions regarding the ultimate issues during an injunctive hearing. Such findings and conclusions directed to the resolution of the ultimate issues are properly reserved for final trial **on** the merits.

There has not yet been a trial on the merits to resolve the issues before the Court in the present case. Thus collateral estoppel does not apply. Without considering the same, the apparent result of the majority opinion is to overrule <u>Dreyer</u>.

In addition, **I** would point out that if a district court attempts to make a decision on the merits in the course of a hearing on preliminary injunction, such a decision would be premature. Eliason and Indreland v. Evans **(1978), 178** Mont. **212, 218,** 583 P.2d **398, 402.** In <u>Eliason</u> this Court concluded the trial court prematurely entered findings and conclusions on the ultimate issue during the preliminary injunctive hearing. We stated that:

> The problems inherent in trying the merits of a case at an injunctive hearing are obvious. Typically, an injunction, **or** a motion for an injunction is filed very early in the proceedings, usually before discovery has been completed and often before the pleadings of the parties are complete. At such juncture, the District Courts normally do not have sufficient evidence to conclusively resolve the merits of the case.

Certainly the foregoing factual situation is present in this case.

Here the court based its denial of an injunction on the defendant's failure to prove irreparable harm, but in no way intended to make a decision on the merits. Had it rendered a decision on the merits at the preliminary hearing, such a decision

11

would require reversal under Eliason.

By applying collateral estoppel to this action, the majority has effectively ignored intent of the District Judge and modified the role of preliminary injunctive hearings. By holding the trial court rendered a decision on the merits of this issue, the majority opinion forecloses both parties from raising any contention of conflicts between the two methods **of** procedure in future proceedings. Clearly res judicata **would** apply under the majority opinion.

I conclude that the determination of the District Court in granting summary judgment to the plaintiff Faculty Association could be affirmed on other grounds. My hope is that this special concurrence will help to minimize the argument that Montana cases have been effectively repealed by the majority opinion.

_____
Justice

January 16, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Charles E. Erdmann
Erdmann Law Office
P.O. Box 5418
Helena, MT 59604

Emilie Loring
Hilley & Loring
500 Daly Ave.
Missoula. MT 59802

Charles F. Moses
MOSES **LAW** FIRM
P.O. Box 2533
Billings, MT 59103-2533

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy